## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | | |
|---|---|---|
| ANTONIO CHAVEZ RODRIGUEZ, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:17-cv-02142-CM-KGG |
| HERMES LANDSCAPING, INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Plaintiff Antonio Chavez-Rodriguez has brought putative class and collective action claims against his former employer, Hermes Landscaping, as well as an individual claim for purported retaliation. Although Plaintiff Chavez-Rodriguez has shirked his duty under Rule 26 to provide a damages calculation (and has similarly failed to provide a damages calculation in response to Hermes' interrogatory asking for such), it is clear that he is seeking sizeable damages. Indeed, he seeks allegedly unpaid minimum wages, unpaid overtime wages, and unreimbursed travel expenses *for a five-year period of time*, as well as liquidated damages and attorneys' fees. Additionally, Plaintiff presumably seeks lost wages and liquidated damages as a remedy for his retaliation claim.[1] In other words, Plaintiff appears to be seeking tens of thousands, if not hundreds of thousands, of dollars in damages on behalf of himself alone. This number likely climbs into the millions when the purported damages of the class he seeks to represent are considered.

---

[1] It is unclear whether Plaintiff also seeks other compensatory damages, such as emotional distress. A number of courts in this District have held that such damages are unavailable under the FLSA, *see, e.g., Franklin v. MIQ Logistics, LLC,* 10-2234-EFM, 2011 WL 3205774, at *7 (D. Kan. July 28, 2011); but the issue has not been decided by the Tenth Circuit.

But Plaintiff now claims that requiring him to appear for deposition in this forum – the forum in which he filed suit – is unduly burdensome. He makes only conclusory allegations, however, regarding this purported burden and he makes no attempt to compare this burden to the recovery he hopes to achieve in this suit or the importance of his testimony. Similarly, while Plaintiff's counsel claims it may be difficult for him to obtain a visa, he has seemingly not even submitted an application for one. Consequently, his visa concerns are nothing more than a hypothetical problem at this juncture.

Plaintiff also appears to ignore the burden that a deposition in Mexico would place on Hermes. Indeed, a deposition in Mexico would require Hermes not only to fly its attorney to Mexico, but also a certified court reporter and translator. Moreover, the United States State Department's website,[2] provides the following guidance regarding depositions in Mexico:

> Voluntary depositions of U.S. citizen witnesses may be conducted in Mexico regardless of the nationality of the witness, provided no compulsion is used. **Voluntary depositions of Mexican and third country nationals require prior permission from the Mexican Central Authority for the Hague Evidence Convention.** Oral depositions or depositions on written questions may be taken on notice by U.S. consular officers or by private attorneys from the United States or Mexico at the U.S. Embassy, one of the U.S. Consulates or at another location such as a hotel or office. If the services of a U.S. consular officer are required to administer an oath to the witness, interpreter and stenographer, such arrangements must be made in advance with the U.S. embassy directly.[3]

Therefore, it is no easy feat to simply hold Plaintiff's deposition in Mexico. It would be expensive and, depending on any required permission processes, time-consuming. For these

---

[2] https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/mexico.html (last visited August 10, 2017).

[3] Defendant notes that it is still working to understand any required permission process.

reasons, Hermes asks that this Court deny Plaintiff's motion for a protective order and require him to appear for deposition in this forum.[4]

## I.   Argument.

Generally, plaintiffs must "make themselves available for examination in the district in which they brought suit." *Clayton v. Velociti*, No. 08-2298-CM/GLR, 2009 WL 1033738, at *1 (D. Kan. Apr. 17, 2009); *accord Steel, Inc. v. Atchison, Topeka & Santa Fe Ry. Co.*, 41 F.R.D. 337, 339 (D. Kan. 1967); *Stubbs v. McDonald's Corp.*, No. 04-2164-GTV-DJW, 2005 WL 375662, at *1 (D. Kan. Jan. 26, 2005) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."). Moreover, "[t]he general practice is that each party pays his or her own deposition travel expenses." *Gipson v. Sw. Bell Tel. Co.*, No. 08-2017-KHV-DJW, 2008 WL 4499972, at *6 (D. Kan. Oct. 1, 2008). *See also See, e.g., Xavier v. Belfor USA Group, Inc.,* Nos. 06–0491, 06–7804 & 08–3736, 2009 WL 3231547, at *5-6 (E.D. La. Oct. 2, 2009) (opt-in plaintiffs must be deposed in district case is pending within because they "voluntarily submitted themselves" to that court's jurisdiction); *Birkland v. Courtyards Guest House,* No. 11–0349, 2011 WL 4738649, at *2-3 (E.D. La. Oct. 7, 2011)*; Caraway v. Chesapeake Exploration LLC,* 269 F.R.D. 627 (E.D. Tex. 2010)*; Renfro v. Spartan Computer Services, Inc.,* No. 06–2284–KHV–DJW, 2008 WL 474253, at *2 (D. Kan. Feb. 19, 2008)*; Williams v. Sprint/United Mgmt. Co.,* No. 03–2200, 2006 U.S. Dist. LEXIS 44951, at *10–11 (D. Kan. June 30, 2006) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."). To be exempted from this general rule, the party seeking the protective order has the burden to show "good cause."

---

[4] Plaintiff has recently added two additional named plaintiffs to this action. Aside from the fact that the two named plaintiffs are not making retaliation claims like Plaintiff Chavez-Rodriguez, Hermes requests that for the same reasons stated herein, they too be required to appear for their depositions in this forum.

*Clayton*, 2009 WL 1033838, at *2.  To find good cause, the court looks at "not whether the discovery is burdensome or expensive, but rather whether the burden or expense is *unreasonable* in light of the benefits to be secured from the discovery." *Gipson*, 2008 WL 4499972, at *5 (emphasis in original). *See also* Fed. R. Civ. Pro. 26(c)(1). The Court also considers reasonableness in light of Plaintiff's claims and potential recovery. *Clayton*, 2009 WL 1033738, at *5.

Fed.R.Civ.P. 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." However, as noted in the Manual for Complex Litigation, 4th ed., remote depositions are most often used for relatively brief examinations that do not involve numerous documents. § 11.452, 2004 WL 258631, *2. They create difficulty when the testimony requires the deponent to examine numerous, lengthy, or complex documents. *Id.* The use of a translator also makes it much more difficult to efficiently and effectively take a deposition by video conference. *Almonacid v. Cessna Aircraft Company*, No. 11-1224, 2012 WL 1059681, * 1 (D. Kan. Mar. 28, 2012) ("The Court is doubtful that these critical depositions, which are central to the case, can be effectively and efficiently taken by video conference in light of the probable length of the depositions, the need for exhibits, and the burden of deposing Plaintiffs' through a translator.").

### A. Plaintiff Has Not Established Undue Burden Regarding Appearing for His Deposition.

There is no doubt that Plaintiff's travel from Mexico to Kansas for his deposition will require him to incur expenses. But that is not the issue; the issue is whether those expenses create an *undue* burden in light of the benefit of the depositions and the nature of Plaintiff's claims. Here, they do not impose an undue burden on Plaintiff, especially in light of the substantial sum of money that Plaintiff seeks to recover on behalf of himself and the putative class.

This case, therefore, is readily distinguishable from the Court's decision in *Shockey v. Huhtamaki*, 280 F.R.D. 598 (D. Kan. 2012). There, the Court found that remote depositions made sense in light of the small dollar value of the opt-in plaintiff's claims. Indeed, the plaintiffs in that case sought overtime pay in amounts ranging from $148 to $3,917. Consequently, travel expenses would eat up some (or even all) of their potential recovery. But that is not the case here. Instead, Plaintiff Chavez-Rodriguez seeks *five years*' worth of unpaid minimum wage and overtime, as well as unreimbursed expenses, liquidated damages, attorneys' fees. And that does not even include his retaliation claim, which (standing alone) could result in tens of thousands of dollars in lost wages and liquidated damages. Moreover, Plaintiff Chavez-Rodriguez seeks to be the named class representative for more than one hundred other individuals, likely seeking millions of dollars on their behalf. In this situation, incurring relatively modest travel expenses is certainly not an "undue" burden. Instead, "[s]uch expense…constitute[s] part of the ordinary burden of litigation that each party must bear." *Clayton v. Velociti, Inc.*, CIV A 08-2298-CM/GLR, 2009 WL 1033738, at *3 (D. Kan. Apr. 17, 2009).[5]

Further, as the Plaintiff and putative class representative, Plaintiff's testimony is crucial to this case. Defendant will simply not be able to adequately defend itself against Plaintiff's claims – or his potential motions for conditional collective and/or class certification – without his testimony.

Similarly, while the visa process may be somewhat cumbersome, Plaintiff has apparently not even tried to obtain a visa so that he may appear for his deposition. His conclusions that he

---

[5] Moreover, Plaintiff offers no explanation as to why he sat on his rights for the last five years – much of which he spent in Kansas. Indeed, in 2016 alone, Plaintiff spent nearly six months in Kansas. But he chose to wait until he returned to Mexico to file suit; his decision to delay filing should not result in the expense of this litigation being passed on to Hermes.

will not be able to get one are, therefore, merely hypothetical. Indeed, at a minimum, this Court should require Plaintiff to at least *attempt* to obtain a visa before complaining about burden.

### B. Considering the Probable Length of Plaintiff's Deposition, the Number of Exhibits, and the Need for a Translator, Remote Deposition Means are Impractical.

As this Court noted in *Almonacid v. Cessna Aircraft Company*, No. 11-1224, 2012 WL 1059681, *1 (D. Kan. Mar. 28, 2012), it is "doubtful that [Plaintiff's deposition] … can be effectively and efficiently taken by video conference in light of the probable length of the depositions, the need for exhibits, and the burden of deposing [Plaintiff] through a translator." Here, it will be extremely difficult for Hermes' counsel to effectively examine Plaintiff remotely.

Remote depositions deprive the parties of non-verbal indications and interpersonal interactions. For example, an examiner cannot indicate portions of documents and cannot interact with the witness. A translator would exacerbate these problems. Indeed, when a translator is involved, it is not merely important for a party to be able to gauge the witness' non-verbal responses and body language, but also the translator's. This is extremely difficult via videoconference. Moreover, defense counsel may need to confer with the translator throughout the deposition, which would be difficult over video conference. And any technical problems, lags, or audio transmission difficulties would prevent the translator from doing his/her job properly.

### C. In the alternative, Plaintiff should pay for the associated costs of a deposition in Mexico.

Simply put, for the reasons described above, a remote deposition will not be efficient or effective, and will deprive Hermes of its right to examine Plaintiff in person. For that reason, if this Court grants Plaintiff's motion, Hermes asks that Plaintiff be required to pay the reasonable travel and lodging expenses for one of Hermes' attorneys to travel to Mexico, as well as a

6

certified court reporter and translator.[6] *See Luna v. Del Monte Fresh Produce (S.E.), Inc.*, CIVA 106-CV-2000-JEC, 2007 WL 1500269, at \*3 (N.D. Ga. May 18, 2007) (requiring Plaintiff to pay travel costs of two attorneys and court reporter).   In addition, Defendant asks that Plaintiff be required to pay any costs associated with obtaining any necessary approvals.

## II.   Conclusion.

Plaintiff has not shown that he will be unduly burdened by traveling to Kansas City for his deposition. Indeed, the recovery he seeks and the importance of his testimony, significantly outweigh any potential expense. Further, the difficulties Plaintiff posits with regard to obtaining a visa to travel to the United States for his deposition are merely hypothetical, as there is no indication Plaintiff has yet made any effort to secure a visa.   Accordingly, Defendant asks that his motion for a protective order be denied.


Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Jennifer K. Oldvader
Patrick F. Hulla          KS #16230
Justin M. Dean           KS #19636
Jennifer K. Oldvader    KS #78515
4520 Main Street, Suite 400
Kansas City, Missouri 64111
816.471.1301
816.471.1303 *(Facsimile)*
justin.dean@ogletree.com

**ATTORNEYS FOR DEFENDANT**

---

[6] This assumes that there are no mandatory approvals required for Hermes to take the deposition of a Mexican national in Mexico or that, if there are, such approvals are granted.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent an electronic notice to the following:

Heather Schlozman
Mark Dugan
DUGAN SCHLOZMAN LLC
8826 Santa Fe Drive, Suite 307
Overland Park, KS 66212
913.322.3528
913.904.0213 (*Facsimile*)
heather@duganschlozman.com
mark@duganschlozman.com

Patricia Kakalec (*admitted pro hac vice*)
KAKALEC & SCHLANGER, LLP
85 Broad Street, 18th Floor
New York, NY  10004
212.500.6114 x103
646.612.7996 (*Facsimile*)
pkakalec@kakalec-schlanger.com

## ATTORNEYS FOR PLAINTIFF

/s/Jennifer K. Oldvader
**ATTORNEY FOR DEFENDANT**

30823459.1

8