# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTONIO CHAVEZ RODRIGUEZ, *on behalf of himself and all others similarly situated*, )
)
)
)
Plaintiff, )
)
v. ) Case No.17-2142-CM-KGG
)
HERMES LANDSCAPING, INC., )
)
Defendant. )
_____ )

## MEMORANDUM & ORDER ON
## MOTION FOR PROTECTIVE ORDER

Now before the Court is Plaintiffs' "Motion for a Protective Order as to the Method and Location of Plaintiff's Deposition." (Doc. 22.) For the reasons set forth below, the motion is **GRANTED** in part.

## BACKGROUND

Plaintiff Antonio Chavez Rodriguez worked for Defendant in Kansas as an H-2B worker from Mexico. The H-2B program allows foreign nationals to come into the United States "temporarily . . . to perform . . . temporary service or labor if unemployed persons capable of performing such service or labor cannot be found in this country." 8 U.S.C. § 1101(a)(15)(H)(ii)(b). Plaintiff contends that for almost 10 years, he would come to Kansas to work in landscaping and then return

to Mexico when the work was completed.[1]  (See Doc. 14.)

Plaintiffs bring the present lawsuit on behalf of themselves and others similarly situated alleging "violations of the Fair Labor Standards Act, Kansas law, and Missouri law, and alleging damages for Defendant's breach of its contracts with the H-2B workers." (Doc. 23, at 3.)  Because of the nature of the claims at issue, it is uncontested that this lawsuit could only have been brought in Kansas or Missouri.

The present motion seeks a Protective Order from the Court regarding the method and location of Plaintiffs' depositions.  Plaintiffs contend that immigration restrictions make travel to the U.S. for depositions difficult.  They also contend they do not have the financial means to do so.  As such, they propose that the depositions occur in Mexico City or by video-conference.

Defendant responds that it would face an undue financial burden if the depositions were to occur in Mexico.  Defendant also argues that video depositions would be impractical given the potential length of the depositions, the need for a

---

[1] Subsequent to the filing of the motion at issue, the Complaint was amended to add two additional named Plaintiffs – Isaac Chavez Duarte and Jose Alfredo Soto Servin. (See Doc. 27.)  Both of the two new Plaintiffs are also Mexican nationals who were employed by Defendant as H-2B workers. (*Id.*)  Although the motion, as filed, relates only to the deposition of initially-named Plaintiff Rodriguez, the motion will be referred to as "Plaintiffs' motion" and considered by the Court to address the depositions of all three currently-named Plaintiffs.

translator, and the likely number of deposition exhibits.

## DISCUSSION

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> > (A) forbidding the disclosure or discovery;
> >
> > (B) specifying terms, including time and place, for the disclosure or discovery;
>
> * * *

Fed.R.Civ.P. 26(c)(1).

The well-established general rule holds that a plaintiff must make himself available for examination in the district in which he brought suit. ***Clayton v. Velociti, Inc.***, 08-2298-CM-GLR, 2009 WL 1033738 (D. Kan. April 17, 2009).

> 'Since the plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.' ***Stubbs v. McDonald's Corp.***, No. 04-2164-GTV-DJW, 2005 WL 375662, at *1 (D.Kan. Jan.

> 26, 2005). The rule is not followed if the plaintiff can show good cause for not being required to come to the district where the action is pending. *Clayton v. Velociti*, *supra* (citing *Wright, Miller & Marcus* § 2112 at 77). The Court may make any order 'justice requires' to protect a party from 'undue burden or expense' (Fed. R. Civ.Proc.26(c)), and may order the taking of a deposition by remote means (Fed. R. Civ.Proc.30(b)(4)).

*Almonacid v. Cessna Aircraft Co.*, No. 11-1224-MLB-KGG, 2012 WL 1059681, at *1 (D. Kan. March 28, 2012).

Litigation obviously results in expense and burden for both parties. The issue before the Court, as the undersigned Magistrate Judge also addressed *Almonacid*, is whether the expenses incurred by Plaintiffs in traveling to Kansas pose an "undue" burden, "which should be mitigated by either requiring [Defendant] to depose Plaintiffs by video conference, or by requiring defense counsel and [their] representatives to travel" to Mexico for Plaintiffs' deposition. *Id*. The Court must also consider the immigration challenges faced by Plaintiffs which raise issues concerning the feasibility of producing the Plaintiffs in the United States for their depositions in a timely manner. While these issues, as described by Plaintiffs, are somewhat contingent, a sufficient showing has been made that those concerns will probably impeded the efficient progress of this case.

In *Almonacid*, which involved nine Plaintiffs who lived in Chile, the undersigned Magistrate Judge found that the burden to the plaintiffs would be

4

substantial, but not "undue" considering they filed the lawsuit in this District each seeking significant damages against the defendant. *Id*. The undersigned Magistrate Judge stated he was

> doubtful that these critical depositions, which are central to the case, can be effectively and efficiently taken by video conference in light of the probable length of the depositions, the need for exhibits, and the burden of deposing Plaintiffs' through a translator. Although the quality of video conferencing continues to improve, Plaintiffs have presented no specific evidence concerning available technology to alleviate those doubts. The option of having the depositions taken in Chile is a proposal to shift the cost of travel to Defendants, which is not justified.

*Id*.

The present case is distinguishable from *Almonacid*, however. *Almonacid* was not a class action. Although there were nine plaintiffs in that case, they were all individually-named plaintiffs and not purported representatives of a larger class action, unlike the Plaintiffs herein. Also, there is no indication that the *Almonacid* case had to be filed in the United States. Conversely, the Plaintiffs herein could not bring this lawsuit anywhere other than Kansas or Missouri. This also justifies modifying the expectation that Plaintiffs must make themselves available for examination in the District in which they filed suit. Finally, although somewhat contingent, immigration authorization concerns not present in *Almonacid* do raise

concerns about interference with the efficient completion of discovery in this case.

While the Court agrees with Plaintiffs that they should not be required to travel to the United States for their depositions, the Court finds Plaintiffs' offer of depositions by video conference to be less than ideal.  Granted, depositions by video conference are not unprecedented in this District.  In ***Proud Veterans, LLC v. Ben-Menashe***, relied upon by Plaintiffs, the District Court cited Fed.R.Civ.P. 30(b)(4) for authority to allow video conference depositions for jurisdictional discovery.  No. 12-1126-JAR, 2012 WL 6681888 (D. Kan. Dec. 21, 2012).  That decision, however, related to opt-in plaintiffs whose individual interests were limited in comparison to the named Plaintiffs herein.[2]

While changing the place of depositions in this case to Mexico is appropriate, the Court does not find it appropriate to totally shift the cost of travel to Defendant in light of the general rule.  In the present case, Plaintiffs expect to be suitable class representatives – and Plaintiffs' counsel presumably will ask to be appointed as suitable counsel for the class.  As such, Plaintiffs and their attorneys in the present matter should expect to bear certain expenses.

---

[2] If the class is certified herein, the Court anticipates that video conference depositions of other class members will be authorized.  Also, this ruling does not mean that the parties, upon further reflection, are not authorized to complete these depositions by video if they so agree.

The Court therefore **GRANTS in part** Plaintiffs' motion (Doc. 22). The Court ORDERS that the depositions of the three named Plaintiffs be taken <u>in Mexico at one location, during the course of one trip</u> if Plaintiffs will pay the reasonable travel expenses (airfare and lodging) for <u>one defense counsel</u>. The parties are instructed to confer regarding other expenses, such as a court reporter and translator/interpreter. Should the parties be unable to reach an agreement about these additional costs, they are instructed to schedule a telephone conference with the undersigned Magistrate Judge. If Plaintiffs are unwilling or unable to pay the reasonable costs for defense counsel to travel to Mexico, Plaintiffs' motion will be deemed **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Protective Order as to the Method and Location of Plaintiff's Deposition" (Doc. 22) is **GRANTED in part** as more fully set forth above.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 17th day of October, 2017.

                                             S/ KENNETH G. GALE
                                             KENNETH G. GALE
                                             United States Magistrate Judge