# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTONIO CHAVEZ RODRIGUEZ, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 17-2142-CM-KGG |
| HERMES LANDSCAPING, INC., | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM & ORDER ON
## MOTION TO STAY PROCEEDINGS

Now before the Court is Defendant's "Motion to Stay Proceedings" pending resolution of Defendant's Petition to the Tenth Circuit requesting interlocutory appeal.  (Doc. 79.)  Having considered the parties' arguments, the Court **GRANTS** Defendant's motion.

## FACTUAL BACKGROUND

This case was brought pursuant to the Fair Labor Standards Act, the Kansas Wage Payment Act, and the Missouri Minimum Wage Law by three Mexican nationals who came to the United States under temporary foreign worker visa programs to work for Defendant.  The background of this case was summarized in the District Court's September 6, 2018, Order (Doc. 76) granting Plaintiff's

1

Motion to Certify Class (Doc. 54), which was opposed by Defendant. That summary is incorporated herein by reference.

Defendant subsequently filed a Petition for Permission to Appeal with the Tenth Circuit Court of appeals under Fed.R.Civ.P. 23(f). (Doc. 81.) According to Defendant, "[t]he outcome of [the] Petition for Review will inarguably and significantly impact whether, and how, Plaintiffs' class and collective action claims proceed." (Doc. 80, at 2.)

## ANALYSIS

Pursuant to Fed.R.Civ.P. 23(f), a "court of appeals may permit an appeal from an order granting or denying class-action certification . . . ." The filing of such an appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." *Id.*

> Rule 23(f), however, does not set forth any factors or considerations to guide the district court's stay decision. Nor has the Supreme Court or the Tenth Circuit articulated a specific standard a district court should use in deciding whether to stay a case pending a Rule 23(f) appeal of a class-certification order. Courts that have addressed motions to stay pending a rule 23(f) appeal are nearly universal in looking to the four-factor test used in deciding a motion for preliminary injunction or motion to stay a case pending appeal. In the District of Kansas, at least one case has employed an analysis similar to that used in motions for preliminary injunctions or stays pending appeals of final judgments in determining whether a Rule 23(f) stay was warranted. The factors

that regulate the issuance of a stay of a judgment or an order pending appeal are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

> These same factors are required in applications for stay pending appeal filed with the Tenth Circuit Court of Appeals. These factors require individualized consideration and assessment in each case. In considering these factors, the Court is cognizant that a stay is not a matter of right, even if irreparable injury might otherwise result, but is instead 'an exercise of judicial discretion,' and the propriety of its issuance is dependent upon the circumstances of the particular case.' The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion.

*Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *1-2 (D. Kan. Nov. 10, 2014).

As for the first of the four factors enumerated above, Defendant argues it is likely that the Tenth Circuit will hear his appeal because the underlying Order from the District Court is "replete with manifest errors . . . ." (Doc. 80, at 1-2.) Plaintiffs disagree, arguing that granting of a petition for interlocutory review is "'the exception rather than the rule.'" (Doc. 82, at 3 (citing *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) (internal citation and quotation marks

omitted).)  Defendant counters, however, that "the Tenth Circuit has adopted a more lenient standard for meeting this requirement when the other three preliminary injunction factors are met."  (*Id*., at 2 (citing *Nieberding*, 2014 WL 5817343, at *2-3).)  As such, the Court will address the other factors.

The next factor is whether the applicant will be irreparably injured absent a stay.  Defendant contends that "[i]f the September 6th Order is modified or reversed following Tenth Circuit review, substantial time and money will have been wasted notifying and confusing putative class members, whom Plaintiffs have already argued do not understand the United States' legal system."  (Doc. 80, at 4 (citing Doc. 76, at 11).)  Defendant continues that "[f]orcing [the parties] to engage in costly, class-wide discovery that may ultimately be unnecessary will waste the Court's, and the parties', time, and may potentially create unwarranted pressure on [Defendant] to settle otherwise unmeritorious claims."  (*Id*.)

Plaintiffs respond that the harm is not irreparable and does not outweigh the harm to them.  (Doc. 82, at 4-5.)  For instance, "[d]iscovery and trial preparation undertaken an anticipation of a class trial could still be used by Defendant if the 10th Circuit were to agree to (1) hear Defendant's appear and (2) overturn this Court's class decision in full."  (*Id*., at 5.)

Defendant argues, however, that even if Plaintiffs were to suffer some injury from the stay, such harm "is 'outweighed by the greater harm to Defendants in

requiring them to proceed with a scheduling conference, discovery on the identities of potential class members, and preparing for a class trial during the interlocutory appeal of the order granting class certification.'" (Doc. 80, at 5 (citing *Nieberding*, 2014 WL 5817323, at *4).) The Court finds that Defendant has established irreparable harm absent a stay.

Defendant next argues the final factor – that a stay is in the public interest. (Doc. 80, at 5.) Defendant argues that the public is served by a "just, speedy, and inexpensive resolution to the issues in this case" and that the stay is in the interests of judicial economy. (*Id*.) In response, Plaintiffs merely contend that "allowing the case to proceed serves the public interest in prompt case resolution." (Doc. 82, at 6.)

While both arguments have their merits, the Court finds that, on balance, Defendant has established the fourth factor. "[T]he public interest is best served by not requiring Defendants to incur significant costs that may in the end be unnecessary and duplicative." *Nieberding*, 2014 WL 5817323, at *5. As such, the Court finds that the above-enumerated and discussed factors weigh in favor of Defendant's request for a stay pending the Rule 23(f) Petition for Appeal and subsequent appeal (if petition granted).

IT IS THEREFORE ORDERED that Defendant's Motion to Stay Proceedings (Doc. 79) is **GRANTED**.  All proceedings in this case are hereby stayed pending resolution of Defendants' appeal to the Tenth Circuit Court of Appeals of the District Court's class-action certification order.

IT IS FURTHER ORDERED THAT the parties shall promptly notify this Court of action taken by the Tenth Circuit in relation to the Rule 23(f) petition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 29th day of October, 2018.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge