IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| ANTONIO CHAVEZ RODRIGUEZ, *et al.*, on behalf of himself and others-similarly situated,<br><br>                     Plaintiffs,<br><br>v.<br><br>HERMES LANDSCAPING, INC.,<br><br>                     Defendant. | Case No. 2:17-cv-02142-JWB-KGG |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION
FOR FINAL SETTLEMENT APPROVAL

Plaintiffs submit this Memorandum of Law in support of their unopposed motion for final approval of the class settlement in the above-captioned action, and in support of their application for approval of Class Counsel's attorneys' fees and litigation expenses. Because the settlement – which was preliminarily approved by Judge Murguia on February 19, 2020 (Docket # 103) – is fair, reasonable, and beneficial to the Class Members, and because notice has been proper and fees and costs are reasonable, and because the settlement has not been objected to, the Court should grant final approval of the parties' settlement.

Background

The named Plaintiffs in this action – Antonio Chavez Rodriguez, Isaac Chavez Duarte, and Jose Alfredo Soto Servin – and the class members are Mexican nationals who came to Kansas to work for Defendant Hermes Landscaping, Inc. ("Hermes") as part of the guestworker visa program commonly known as the "H-2B program." (Second Am. Compl. ¶ 25.) Plaintiffs

brought this action as both an opt-in collective action under the Fair Labor Standards Act ("FLSA") and as a class action under Federal Rule of Civil Procedure 23. Plaintiffs' Complaints allege violations related to the wages paid to the H-2B workers class members and the expenses incurred by the workers for visas/recruitment and travel..

By Order dated September 5, 2018 (Docket # 76), Judge Murguia certified this action as a class action under Rule 23, on behalf of  "a Main Class, defined as: "all employees who worked for Hermes as H-2B or H-2R visa holders from March 6, 2012 through the date of preliminary approval of the class; (2) an Hours Worked Subclass, defined as: "all employees who worked for Hermes as H-2B or H-2R visa holders from March 6, 2012 through the date of preliminary approval of the class who worked as crew members" (Doc. 55, at 5); and (3) a 2013 Subclass defined as "all employees who worked for Hermes as H-2B or H-2R visa holders between July 9, 2013 and the end of 2013."  (*Id.* at 3-4.)

After depositions and significant discovery in the case, the parties settled the case after mediation with mediator Joe Eischens, and sought preliminary approval of their settlement agreement. After that approval was granted by Judge Murguia, Plaintiffs sent notice of the settlement as provided in the agreement and in Judge Murguia's order.   No objections to the settlement were received.

Argument

I.    <u>The Settlement Here is Reasonable and Should be Finally Approved.</u>

    A.    <u>Standard for review</u>

FRCP 23(e) requires a Court to determine whether a final settlement binding on class members is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Decisions approving class action settlements fall within trial courts' sound discretion. *See Jones v. Nuclear*

*Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). "[T]he universally applied standard is whether the settlement is fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1266 (10th Cir. 2004).

When reviewing a class action settlement, a court should consider the following four factors:

(1) Whether the proposed settlement was fairly and honestly negotiated;

(2) Whether serious questions of law and fact put the outcome of the litigation in doubt;

(3) Whether the amount of immediate recovery outweighs the mere possibility of future relief following protracted and expensive litigation; and

(4) Whether the parties believed the settlement is fair and reasonable.

*Hershey v. Exxonmobil Oil Corp.,* No. 17-1300-JTM, 2012 WL 5306260, at *1 (D. Kan. Oct. 25, 2012) (citing *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993)). *See also Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

B.      Summary of agreement

Under the agreement presented to the Court, Hermes will pay, in two installments, a total of $415,000, in addition to bearing the cost of mediation..   The settlement will benefit as many as 154 current and former employees and will resolve all claims in the case.  Attorneys' fees will comprise 33% of the funds to be paid under the Settlement – an amount of $133,333 – and expenses of $15,000 will come out of the $415,000 common fund.   Although the settlement primarily disposes of the Class Members' Rule 23 class action claims, the six individuals who joined the action as opt-in plaintiffs under 29 U.S.C. § 216 (b) will also release their FLSA

claims.[1]

Class members and opt-in Plaintiffs will receive settlement amounts ranging from a minimum of $250 to a maximum of $4,200 (before required withholdings).  (May 29, 2020 Decl. of Patricia Kakalec ("Kakalec Decl.") ¶ 5 and Exhibit A (hereinafter "Settlement Agreement").)  As provided by the agreement, the amounts are determined primarily by the length of time that class members worked for Hermes.   The six opt-in Plaintiffs receive an additional amount compensate them for the FLSA claims, and the three named Plaintiffs each would receive an additional $7,500 as service awards.  (Kakalec Decl., Ex C (Notice, § 5, p. 3.)

The Notice provided to the class members informed them of the specific amount they would receive under the agreement and providing a method by which they could object to the agreement.  No class member has objected to the settlement.

      C.   <u>The agreement meets the above standards for approval.</u>

The parties' settlement agreement meets the standards for approval set forth above.   The agreement was reached fairly and honestly by counsel with experience in employment law and class litigation, with the assistance of Joe Eischens, an experienced and well-respected mediator and labor and employment lawyer.  In the view of Class Counsel, the timely and secure payments to class members secured by the settlement agreement outweigh the interest of going forward and facing potentially protracted and expensive litigation.

In reaching the settlement, the parties have "reasonably conclude[d] that there are serious

---

[1] Under the FLSA, the standard for court approval is straightforward: a district court should approve a fair and reasonable settlement if it was reached as a result of contested litigation and resolves a *bona fide* FLSA dispute. *See Garcia v. Triumph Foods*, Case No. 11-6046-CV-SJ-ODS (W.D. Mo. July 12, 2012) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982)). This settlement satisfies the FLSA's lower standard for settlement approval.

questions of law and fact that ... could significantly impact" the litigation, and thus, concluded that settlement is a favorable alternative to continuing the parties' disputes. *See Lucas v. Kmart Corp*, 234 F.R.D. 693-694 (D. Colo. 2006); *Ashley v. Reg'l Transp. Dist.*, No..05-CV-01567-WYD-BNB, 2008 WL 384579, at * 18 (D. Colo. Feb 11, 2008) ("doubt augurs in favor settlement because settlement creates a certainty of some recovery" (quoting *In re Qwest Int'l, Inc. Sec. Litig.,* Civil Case No. 01-cv-01451-REB-CBS, et al., 2006 U.S. Dist. LEXIS 71039, at *16-*17 (D. Colo. Sept. 28, 2006) (unpublished)).   By way of example of such questions, this case presents significant questions about the applicability of the Motor Carrier Exemption to the FLSA, *see* 29 USC 13(b)(1), which if applicable could preclude or substantially limit class H-2B workers' claims for overtime wages.   Moreover, to Plaintiffs' claims that a higher prevailing wage rate was required to be paid to H-2B workers in 2013, U.S. Secretary of Labor has recently issued a notice indicating that employers need not pay the higher wages at issue.  *See* https://www.federalregister.gov/documents/2020/03/13/2020-05205/withdrawal-of-notice-of-intent-to-issue-a-declaratory-order.  (Notice dated 3/13/20)

In addition, the service awards of $7,500 each to each of the three named Plaintiffs are fair and should also be approved.  "An incentive award  'perform[s] the legitimate function of encouraging individuals to undertake the frequently onerous responsibility of [servng as the] named class representative. *(Niedbeding v. Barrette Outdoor Living, Inc.*, 129 F. Supp.3d 1236, 1251 (D. Kan. 2016) (quoting *Hershey*, 2012 WL 5306260, at *12.   Here, each of the Plaintiffs invested significant time and effort to achieve the result for the class.   They conferred with Class Counsel, provided statements and discovery responses, and fulfilled all of their duties as class representatives.   Most significantly, each Plaintiff traveled fourteen hours round-trip by bus to and from their homes in rural Mexico to Mexico City to be deposed by Defendant.   Given the

5

named Plaintiffs' efforts in achieving the result here, the service awards are appropriate.

II.      <u>Because Notice was Provided as Required and No Objections were Lodged, Approval of the Agreement is Warranted.</u>

The official Notice (Kakalec Decl., Ex. C) and the notice procedure as approved by Judge Murguia was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity present their objections." *Fager v. CenturyLink Comm'ns, LLC*, 854 F.3d 1167, 1171 (10th Cir. 2016). The Notice was distributed to all Class Members as required (see Kakalec Decl. ¶¶ 8-10; May 29, 2020 Declaration of Mark V. Dugan. ¶ 12.), and no objections to the settlement were received. (Kakalec Decl. ¶ 12-13). In light of the proper notice and the absence of objections, final approval of the settlement is warranted.

III.     <u>The Proposed Fees and Costs Should be Approved.</u>

    A.    <u>Attorneys' Fees</u>

Class Counsel here ask the Court to approve their request that (1) 33% of the settlement amount after costs, or $133,333, be paid as reasonable attorneys' fees, and (2) reasonable and necessary expenses in the amount of $15,000 should be paid from the settlement amount. Defendant Hermes does not oppose these requests.

When considering a fee application as part of a class settlement, courts consider whether the fees are reasonable. *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 453 (10th Cir. 1988); *see also* Fed. R. Civ. P. 23(h) advisory committee notes. Attorneys' fees may appropriately be awarded from a class action settlement fund – as Plaintiffs seek here – "on the theory 'that persons who obtain the benefit of a lawsuit without contributing to its costs are

6

unjustly enriched at the successful litigant's expense.'" *See In re: Urethene Antitrust Litigation*, 2016 WL 4060156, at *4 (D. Kan. July 29, 2016) (citing *Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).  In fact, "[t]he Tenth Circuit has expressed a preference for the percentage-of-the-fund method of awarding attorney fees in common fund cases." *Id.* (citing *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995)).

When setting percentage fee awards in common fund cases, the Tenth Circuit has endorsed the use of the following twelve so-called *Johnson* factors:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee—this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* "[R]arely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation." *Id.* "The most important factor in this case is undoubtedly the amount involved and the results obtained." *Id.*

Under the *Johnson* test, the fees sought here – 33% of the common fund, or $133,333 – should be approved.  As initial matter, the time and labor undertaken by Plaintiffs' counsel has been significant; counsel has invested significant time and money in this case without a guarantee of reimbursement or recovery.  Plaintiffs' counsel have worked on this case for over three years.  They have filed a motion for preliminary certification under the Fair Labor Standards Act, a motion for leave to conduct depositions in Mexico, a motion for class certification, and an opposition to Defendant's motion for leave for interlocutory appeal in the 10th Circuit.  Plaintiffs' counsel Patricia Kakalec traveled to Mexico City to meet with the named

Plaintiffs and defend their depositions, and Plaintiffs' counsel took the deposition of Defendant Hermes in Kansas City.   Plaintiffs' counsel served and responded to discovery requests for both the named Plaintiffs and the six opt-in Plaintiffs, a task made significantly more complex because most Plaintiffs reside in Mexico and are mono-lingual Spanish speakers.  Plaintiffs' counsel worked with translators to provide translated interrogatory responses and various statements throughout the litigation.

In addition, this case presented novel and difficult issues to the extent that it required analysis of the regulations under the H-2B program, a specific area in which Plaintiffs' counsel Patricia Kakalec has significant experience.

Moreover, both Plaintiffs' firms are small firms which, by virtue of committing to litigation this class action, were not able to accept other cases presented to their firms.  Because of the logistics involved in a case brought on behalf of non-English speakers residing in another country, the case may have been undesirable to other plaintiffs' counsel.   As set forth in Plaintiffs' counsel's declarations, both Plaintiffs' counsel are experienced with federal collective and class litigation.   Plaintiffs have recovered meaningful sums – most in the range of several thousand dollars each – as part of the settlement.   And Plaintiffs' counsel have not represented the Plaintiffs in prior (or subsequent) cases.

The 1/3 of the settlement fund for which Plaintiffs seek approval is the amount prearranged by Plaintiffs' counsel's retainer with the named Plaintiffs (Kakalec Decl., Ex. B) and is a percentage customary – or even less than customary -- in a case such as this.  No class member has objected to the fees in this case.

Finally, counsel for Plaintiffs Patricia Kakalec and Mark Dugan have submitted their hours for the Court to conduct a lodestar cross-check on the fees.   The fees calculated on the

lodestar method total approximately $262,212.  The $133,333 which the settlement allots for attorneys' fees is just over half of the lodestar amount.  This is goes strongly to the fees about being reasonable.

B.  Expenses

Plaintiffs also seek approval of out-of-pocket costs incurred in connection with litigating this case, in an amount up to $15,000.  As set forth in an exhibit to the Declaration of Patricia Kakalec, the costs incurred or anticipated in this case total above $15,000.  (Kakalec Decl., Ex. D.)  Plaintiffs' counsel do not seek reimbursement for routine expenses such as copying, phone charges, or similar items.  Instead, the costs are primarily for court fees, mailing of class notice, deposition transcripts, technical assistance with database work, translation, and travel.  Also included within the costs is the anticipated cost of sending checks to class members in Mexico using the courier service Estefeta, a service chosen based on its reputation for safe and reliable

The Class' Counsel's out-of-pocket costs are reasonable and should be approved.  "As with attorney fees, an attorney who creates or preserves a common fund for the benefit of the class is entitled to receive reimbursement of all reasonable costs incurred … in addition to the attorney fee percentage." *Vaslavik v. Storage Tech. Corp.*, No. 95-B-2525, 2000 WL 126884, at *4 (D. Colo. Mar. 9, 2000) (citation omitted).  Plaintiffs seek reimbursement of expenses that have been properly advanced or incurred in connection with the case.  All of these expenses were reasonably and necessarily incurred and are directly related to the prosecution and resolution of this case.

## CONCLUSION

For all the reasons set forth above, and in the accompanying declarations and exhibits, Plaintiffs ask the Court to approve the class settlement in this case, including approving the

attorneys' fees and costs requested.

Respectfully submitted,

/s/      Patricia Kakalec

Patricia Kakalec (*admitted pro hac vice*)
KAKALEC LAW PLLC
Brooklyn, NY 11201
212.705.8730
Patricia@kakalecLaw.com

Mark Dugan
Heather Schlozman
DUGAN SCHLOZMAN LLC
8826 Santa Fe Drive, Suite 307
Overland Park, KS 66212
913.322.3528
913.904.0213 (*Facsimile*)
heather@duganschlozman.com
mark@duganschlozman.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of May, 2020, the foregoing was served upon counsel for Defendants at the email addresses Patrick.hulla@ogletree.com and justin.deaan@ogletree.com.

        /s/     Patricia Kakalec
        **ATTORNEY FOR PLAINTIFFS**